[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11477
Non-Argument Calendar
_____

D.C. Docket No. 6:11-cv-01266-GAP-GJK

DAVID ACOSTA,

Plaintiff-Appellant,

versus

JAMES A. GUSTINO, P.A.,
JAMES A. GUSTINO,

Defendants-Appellees,

TAYLOR & CARLS, P.A., et al.,

Defendants.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 22, 2016)

Before JORDAN, ROSENBAUM, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant David Acosta brought this Fair Debt Collection Practices Act ("FDCPA") suit against Defendants-Appellees James Gustino and his law firm, James A. Gustino, P.A. (the "Firm") (collectively, "Defendants"), arising out of Defendants' attempts to collect a debt from Acosta on behalf of a homeowners association. Following discovery, the district court denied Acosta's motion for summary judgment, and the case proceeded to trial before a federal jury. At the close of Acosta's case-in-chief, Defendants moved for judgment as a matter of law under Rule 50(a), Fed. R. Civ. P. The district court granted the motion, concluding that the evidence presented at trial was insufficient for a reasonable jury to find that Defendants were "debt collectors" within the meaning of the FDCPA. Upon entry of judgment in favor of Defendants, Acosta appealed.

On appeal, Acosta, who has been counseled throughout these proceedings, argues that the district court erred in denying his pre-trial motion for summary judgment on two grounds. First, he argues, the court erred as a matter of law in concluding that a letter from a debt collector to a debtor's attorney is not an actionable "communication" under the FDCPA. Second, he contends, the court erroneously found that the Firm's failure to answer his First Request for

2

Admissions did not constitute technical admissions that bound Gustino, the Firm's sole practitioner and owner, for purposes of summary judgment.

These arguments regarding the propriety of summary judgment are non-starters, however, because a party may not appeal an order denying summary judgment after a full trial on the merits has occurred. *Ortiz v. Jordan*, 562 U.S. 180, 183-84, 131 S. Ct. 884, 888-89 (2011) ("May a party, as the Sixth Circuit believed, appeal an order denying summary judgment after a full trial on the merits? Our answer is no.") (footnote omitted); *Lind v. United Parcel Serv., Inc.*, 254 F.3d 1281, 1286 (11th Cir. 2001) (holding that we "will not review the pretrial denial of a motion for summary judgment after a full trial and judgment on the merits"). An order denying summary judgment is "simply a step along the route to final judgment." *Ortiz*, 562 U.S. at 184, 131 S. Ct. at 889. "Once the case proceeds to trial, the full record developed in court supersedes the record existing at the time of the summary-judgment motion." *Id.*

In *Lind*, we recognized other adequate remedies available to a party who believes that the district court improperly denied its motion for summary judgment. *Lind*, 254 F.3d at 1285. First, a party may move to have court to certify the denial of summary judgment for interlocutory appeal under 28 U.S.C. § 1292(b). *Id.* Second, a party may move for judgment as a matter of law pursuant to Rule 50,

Fed. R. Civ. P., and then seek appellate review of the motion if it is denied.  *Id.*  Acosta did neither.

A third option, as this case demonstrates, would have been for Acosta to challenge the district court's order granting Defendants' motion for judgment as a matter of law under Rule 50.  Acosta, however, barely references that order on appeal.  The only reference to the order in his initial brief is in a section detailing the procedural history of the case: "After presentation of the plaintiff's case in chief Appellees presented an *ore tenus* Rule 50 motion for Judgment as a Matter of Law which the district court granted."  Acosta's Initial Br. at 5.  His actual arguments, though, relate entirely to the district court's order denying his motion for summary judgment, which, as mentioned above, is a decision we cannot review.  *See Ortiz*, 562 U.S. at 183-84, 131 S. Ct. at 888-89; *Lind*, 254 F.3d at 1286.

Nor can we say that Acosta's briefing challenges the basis of the district court's Rule 50 ruling.  In granting judgment as a matter of law to Defendants after Acosta's case-in-chief, the district court did not rule that a debt-collection letter to an attorney is not an actionable "communication" under the FDCPA.  Rather, the court found that Acosta failed to present evidence sufficient for a jury to conclude that Defendants were "debt collectors" within the meaning of the FDCPA.  Specifically, the district court determined that there was "no evidence with respect

to the frequency or consistency or percentage or any other measure by which one could determine that the principal purpose of Mr. Gustino's practice [was] that of a debt collector or that he regularly engage[d] in that activity." Because Defendants can be held liable under the FDCPA only if they were "debt collectors," *see* 15 U.S.C. § 1692a(6) (defining the term), the court granted Defendants' motion for judgment as a matter of law.

Acosta does not advance any argument that the district court's Rule 50 order was erroneous. By failing to challenge the basis of the district court's judgment in this case—that the evidence presented at trial was insufficient for a jury to conclude that Defendants were "debt collectors"—Acosta has abandoned any challenge of that ground.[1] *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014) ("When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed."). Accordingly, the district court's judgment is due to be affirmed.

**AFFIRMED.**

---

[1] To be sure, Acosta claims that Defendants, by failing to respond to his request for admissions, admitted to being "debt collectors" for purposes of summary judgment, but he makes no claim that the court erred in failing to treat this purported admission as binding at trial or in refusing to allow its admission into evidence.